UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 09-10314-RWZ

UNITED STATES OF AMERICA

v.

PHILIP E. WATSON

ORDER

February 26, 2013

ZOBEL, D.J.

Defendant was sentenced to a term of imprisonment of 30 months after he pled guilty to drug charges. During his incarceration he participated in and completed the 500 Hour Residential Drug Abuse Program offered by the Bureau of Prisons ("BOP") and expected to be rewarded with early release as a result. The BOP determined, however, that he does not qualify for early release. Its regulations state at 28 C.F.R. § 550.55(b)(6) that inmates are not eligible for early release if they have been convicted of an attempt, conspiracy, or other offense which involved an underlying offense listed in paragraph (b)(4) or (b)(5) of that section. Paragraph (b)(4) lists robbery.

Defendant has submitted a "Motion to Clarify Judgment," asking this court to inform the BOP that his previous conviction in Criminal No. 01-10122 does not disqualify him from early release. Defendant was convicted in that case of violating 18 U.S.C. § 371 (conspiracy), 18 U.S.C. § 1951 (conspiracy to obstruct commerce by robbery or extortion), and 18 U.S.C. § 1952 (interstate travel in aid of racketeering).

Defendant correctly notes that robbery is not a necessary element of his conviction under 18 U.S.C. § 1951. A conviction under that statute can rest on an underlying extortion (or planned extortion) alone; it does not require a robbery (or planned robbery). In his particular case, defendant's indictment charged him in a single count with violating 18 U.S.C. § 1951 by conspiring to obstruct commerce both by extortion and by robbery. The jury convicted him on that count without specifying whether their verdict rested on the planned extortion or the planned robbery (or both). The facts adduced at trial could have supported either theory (or both).

It is not clear on these facts whether 28 C.F.R. § 550.55(b)(6) applies to defendant's previous conviction or not. But in either case, nothing remains to be clarified about this court's previous judgment. Defendant's motion (Docket # 104) is therefore DENIED.

|       February 26, 2013       |          /s/Rya W. Zobel          |
|:---:|:---:|
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |